■ In the Matter of BABY GIRL W. D. DENISE H. et al., Respondents; EDMUND J. D., Appellant. [674 NYS2d 714] —In a private placement adoption proceeding, the biological father appeals from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated May 28, 1997, as, upon adopting the findings of a Referee, made after a hearing, determined that his consent to the adoption by the child's stepfather was not required because he had abandoned her.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In this proceeding, the biological mother and her husband

seek to dispense with the consent of the appellant so that the stepfather may adopt the child. The appellant and the mother resided together with the child from the time of the child's birth in May 1988 until December 1989, according to the mother, or December 1990, according to the appellant, when they separated, with the child going with the mother. It is undisputed that the appellant provided care and support during the time that he was living with the mother and the child. It is also undisputed that the appellant has had no contact with the child and provided no financial support for the child since he and the mother separated. The appellant contends that he had two conversations with the mother, made two telephone calls to the mother's father's house, brought a birthday gift and card for the child, and initiated one Family Court proceeding that was dismissed based on his nonappearance prior to the filing of the adoption petition. The petitioners claim that the appellant expressed no interest in the child during the telephone calls and the conversations.

In order to establish his right to consent to the adoption, the appellant must show that he maintained "substantial and continuous contact" by proving that he paid support "according to [his] means" and that he either visited the child monthly or maintained regular contact with the child (Domestic Relations Law § 111 [1] [d]; *Matter of Andrew Peter H. T.,* 64 NY2d 1090, 1091). The appellant will be deemed to have abandoned this right if the petitioners show, by clear and convincing evidence, that he failed to maintain contact with the child during the six-month period preceding the filing of the adoption petition such that he demonstrated "an intent to forego his * * * parental or custodial rights and obligations" (Domestic Relations Law § 111 [2] [a]; *Matter of Andrew Peter H. T., supra,* at 1091).

The record supports the determination that the appellant abandoned any right that he may have had to consent to the adoption. Even if the mother kept the child's whereabouts unknown, as the appellant claims, he failed to take any basic steps to locate the child. Contrary to his assertions, his financial situation did not prevent him from seeking the aid of the Family Court or prohibit him from contacting the mother through her employer. Miller, J. P., O'Brien, Pizzuto and Friedmann, JJ., concur.