■ In the Matter of TYRONE ANTHONY H., JR., an Infant. CHILDREN'S AID SOCIETY et al., Respondents; TYRONE ANTHONY H., Appellant. [731 NYS2d 688] —Order of disposition, Family Court, New York County (Susan Larabee, J.), entered on or about January 27, 1999, insofar as appealed from, terminating respondent-appellant's parental rights to the subject child and committing the child's guardianship and custody to petitioner agency and the Commissioner of Social Services for the purposes of adoption, unanimously affirmed, without costs.

The finding that appellant is a notice father only, i.e., that his consent to the child's adoption is not required and that he is entitled only to present evidence at a best interests hearing, is supported by clear and convincing evidence that appellant failed to make any meaningful efforts to communicate with the child for the entire period of his incarceration from October 1995, just after the child's birth, to December 1998, just prior to the dispositional hearing (Domestic Relations Law § 111 [2] [a]; see, Matter of James Q., 240 AD2d 841; see also, Domestic Relations Law § 111 [1] [d]). The record does not substantiate appellant's assertion that communication with the child was prevented by the combination of restraints resulting from his incarceration (see, Matter of Anthony M., 195 AD2d 315, 316) and the protective order against him in favor of the child's mother. The best interests of the child, who has been living in a loving foster care home for over three years and has special needs, require that he be freed for adoption. Concur—Sullivan, P. J., Andrias, Wallach, Saxe and Marlow, JJ.