■ In the Matter of ANTHONY S., an Infant. BRIAN U., Appellant; ANTHONY T., Respondent. (And Another Related Proceeding.) [737 NYS2d 442] —Rose, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered May 31, 2001, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Domestic Relations Law article 7, for adoption of Anthony S.

Respondent and Darbi U. (hereinafter the mother) are the biological parents of Anthony S. (born in 1994). Petitioner, who became the mother's husband in 1996, seeks to adopt the child. After a hearing, Family Court found that respondent had sufficiently explained his failure to visit the child during the six months preceding the filing of the petition, held that petitioner had failed to establish by clear and convincing evidence that respondent had abandoned his son, and dismissed the petition. Petitioner appeals.

As Family Court here recognized, there are two steps in determining whether the biological father's consent may be dispensed with in a proceeding seeking approval of the adoption of his child. Using the guidelines set forth in Domestic Relations Law § 111 (1) (d), the court must first decide whether the father has demonstrated a substantial relationship with his child conferring the right of consent (see, Matter of Andrew Peter H.T., 64 NY2d 1090, 1091). Then, "[o]nly after the natural father establishes his right of consent to the adoption * * *, does the court proceed to determine whether he has forfeited that right by evincing 'an intent to forego his * * * parental * * * rights and obligations as manifested by his * * * failure

for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so'" (*id.* at 1091, quoting Domestic Relations Law § 111 [2] [a]; *see, Matter of James Q.*, 240 AD2d 841, 842). However, "a biological parent's failure to visit and pay support, although significant, are not determinative factors where they are properly explained" (*Matter of Joshua*, 216 AD2d 749, 751, *lv denied* 86 NY2d 709).

Supporting its initial determination that respondent's right of consent was established, Family Court cited the order of filiation made in 1995, the fact that respondent lived with the child and the mother until February 1995, and he had repeatedly sought, received and exercised visitation with the child following the parents' separation. The court also found that although the mother had twice filed violation petitions for respondent's failure to pay child support, he had each time paid the outstanding arrears, and he was current in his payments at the time of the hearing. As these findings have an evidentiary basis in the record, we see no error in Family Court's conclusion that respondent had supported and maintained a substantial relationship with his son. In reaching this conclusion, we decline petitioner's invitation to hold that child support must be paid voluntarily in order to satisfy the statutory guidelines (*compare, Matter of Kaitlyn D.*, 184 Misc 2d 150, 154).

As to the second determination, there is no dispute that respondent did not visit the child during the six months preceding the filing of the adoption petition and has not seen his son since August 1999. The issue thus becomes whether Family Court abused its discretion in excusing respondent's failure and rejecting the presumption of abandonment that normally arises in such circumstances (*cf., Matter of James Q., supra* at 842). Viewing all the evidence here against the backdrop of the parties' continuous litigation concerning the child, as well as the acts of petitioner and the mother that hindered respondent's relationship with the child, we find no basis to disturb Family Court's determination that respondent successfully rebutted the presumption of abandonment (*see, Matter of Jonna H.*, 252 AD2d 839, 840). Thus, in the absence of respondent's consent, Family Court properly dismissed the petition.

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.