In the Matter of Keyanna AA., an Infant. Lawrence BB., Respondent; Harry CC., Appellant. [826 NYS2d 808]—

Spain, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered October 6, 2005, which granted

petitioner's application, in a proceeding pursuant to Domestic Relations Law article 7, to determine that respondent's consent was not required prior to the adoption of his daughter.

Respondent is the biological father of Keyanna AA., who was born out of wedlock in 1995 in Florida where she lived with him and her mother for 2½ years. In January 1998, the mother returned to live in New York with her parents, marrying petitioner in 2001. Keyanna has since lived with, and been supported by, her mother and petitioner, and has lived with their other children as well. Respondent briefly visited the mother and Keyanna in New York one time in the spring of 1998, which was the last time he saw them. An order of filiation and permanent order of support were issued in Family Court in August 1998 against respondent, who was thereafter incarcerated in Florida on an attempted second degree murder conviction, for which he remains incarcerated with a tentative release date in 2011. Respondent's contact with this child consists of a single child support payment, and letters or cards approximately two times per year since 1998 and five times in 2004.

In August 2004, petitioner commenced this stepparent adoption proceeding to adopt Keyanna, with the mother's consent, seeking to obviate the need for respondent's consent pursuant to Domestic Relations Law § 111. Family Court conducted a hearing at which the mother testified; respondent was represented by counsel, but the court denied his request to testify via telephone from the Florida correctional facility where he is incarcerated. The court thereafter issued a decision finding, among other things, that respondent's consent to the adoption is not required due to his failure to have sufficient contact with the child (see Domestic Relations Law § 111 [1] [d]). Respondent appeals, and we affirm.

Under settled law, the consent of a biological father to the adoption of a child of this age born outside of marriage is not required unless the father demonstrates "that he has maintained a substantial and continuous or repeated relationship with the child by means of financial support [according to the father's means] and either monthly visitation, when physically and financially able to do so, or regular communication with the child or the child's caregiver" (Matter of Sergio LL., 269 AD2d 699, 699 [2000]; see Domestic Relations Law § 111 [1] [d]). A review of the record fully supports Family Court's determination that respondent failed to meet any of the foregoing statutory threshold criteria, having not seen the child since 1998 and having made but one support payment and only infrequently sending her correspondence on her birthday and at Christmas.

Notably, respondent's incarceration does not excuse his failure to maintain substantial and continuous or repeated contact with the child (*see Matter of Jonathan Logan P.*, 309 AD2d 576 [2003]; *Matter of Kianna C.*, 292 AD2d 380 [2002]; *Matter of Tyrone Anthony H.*, 287 AD2d 367 [2001]; *see also Matter of Antonio J.M.*, 32 AD3d 1180, 1181 [2006]). Respondent failed to demonstrate that anyone interfered with his attempts or that he availed himself of viable options to do so even while incarcerated (*see Matter of Sergio LL., supra* at 700).

Next, we find meritless respondent's assertion that counsel's failure to call certain witnesses or to introduce certain pieces of evidence on his behalf amounted to ineffective assistance of counsel (*see Matter of Kianna C., supra* at 381). Furthermore, under the particular circumstances herein, we are unpersuaded that Family Court's denial of his request to participate from the Florida prison via telephone violated his due process rights. Even where the due process right of a necessary party to be present at every stage of a proceeding has been recognized, it has been held not to be absolute (*see Matter of Curtis N.*, 288 AD2d 774, 775 [2001], *lv denied* 97 NY2d 610 [2002] [a Family Ct Act article 10 proceeding]; *Matter of Raymond Dean L.*, 109 AD2d 87, 88 [1985] [termination of parental rights]). Respondent was represented at the hearing by counsel who fully participated therein. On the record before us, we find no prejudice to petitioner in the court's decision to proceed with the hearing in the absence of his personal appearance.

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.