■ In the Matter of RUSSELL R., Appellant, v FRIENDS IN ADOPTION, INC., Respondent, et al., Respondent. [881 NYS2d 557]—

Lahtinen, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered March 19, 2008, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of his child.

Petitioner (hereinafter the father) and respondent Kaitlin S. (hereinafter the mother) are the unmarried biological parents of a daughter. The mother surrendered the child at the time of her birth in 2007 to respondent Friends in Adoption, Inc., and the infant has resided with her prospective adoptive parents since that time. Three months after the child's birth and placement with the adoptive parents, the father commenced this custody proceeding. Following a two-day fact-finding hearing, Family Court rendered a detailed written decision concluding that the father's consent to the adoption of the child was not required (*see* Domestic Relations Law § 111 [1] [e]), and further holding that, as a notice father (*see* Domestic Relations Law § 111-a), the father's apparent desire to make his medical history available to the child could be addressed in the best interests aspect of the adoption process. Family Court thus dismissed the custody petition. The father appeals.

The father contends that Family Court erred in finding that he was not a consent father. Initially, we note that, as a procedural matter, the parties do not dispute that it was appropriate for Family Court to address whether the father was a consent father as a threshold issue in his custody petition. Turning to the substantive law of that threshold issue, "[f]or the biological father's consent to be required before an adoption may proceed, he 'not only must assert his interest promptly

(bearing in mind the child's need for early permanence and stability) but also must manifest his ability and willingness to assume custody' during the six months prior to the child's placement" (*Matter of Seasia D.*, 10 NY3d 879, 880 [2008], quoting *Matter of Raquel Marie X.*, 76 NY2d 387, 402 [1990]; *see* Domestic Relations Law § 111 [1] [e]; *Matter of Gionna L.*, 33 AD3d 1168, 1168 [2006], *lv denied* 8 NY3d 802 [2007]). " 'The . . . judicial evaluation of the unwed father's conduct in this key period may include such considerations as his public acknowledgment of paternity, payment of pregnancy and birth expenses, steps taken to establish legal responsibility for the child, and other factors evincing a commitment to the child' " (*Matter of Seasia D.*, 10 NY3d at 880, quoting *Matter of Raquel Marie X.*, 76 NY2d at 408).

While conflicting evidence was presented regarding some key issues at the fact-finding hearing, we defer to Family Court's credibility determinations (*see Matter of Morgaine JJ.*, 31 AD3d 931, 932-933 [2006]). The proof found credible by Family Court included that the mother had informed the father about six months before the child's birth that he was the father, but he refused to acknowledge such fact. He provided no financial help during the pregnancy, birth or thereafter. According to the mother, whose testimony was credited on this point, the only medical appointment on which the father accompanied her was one to consider terminating the pregnancy by abortion. He did not go to the hospital despite knowing the date of the mother's scheduled cesarean section. The father, who has procreated several out-of-wedlock children with various partners, acknowledged his reservations about caring for the child because he had "a lot on his plate" and he also had stated his support for the adoptive parents. He further told witnesses, who Family Court found credible, that he had filed a paternity petition within days of the child's birth only to ensure that the eventual adoptive parents would receive information about his medical history. Under the circumstances, Family Court properly determined that the father was not a consent father.

Cardona, P.J., Mercure, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.