# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**710**

**CAF 10-00666**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF THE ADOPTION OF ETHAN S.
--------------------------------------------------
TARRA C. AND TROY C., PETITIONERS-RESPONDENTS;     MEMORANDUM AND ORDER

JASON S., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

EFTIHIA BOURTIS, ROCHESTER, FOR RESPONDENT-APPELLANT.

JAMES S. HINMAN, P.C., ROCHESTER (JAMES S. HINMAN OF COUNSEL), FOR PETITIONERS-RESPONDENTS.

TANYA J. CONLEY, ATTORNEY FOR THE CHILD, ROCHESTER, FOR ETHAN S.

---

Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered July 24, 2009 in an adoption proceeding. The order, among other things, permitted the adoption of the subject child to proceed without respondent's consent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent, the biological father of the child in question, appeals from an order determining, following an evidentiary hearing, that he forfeited his right to consent to the adoption of the child. In appeal No. 2, the biological father appeals from an order dismissing his petition for modification of a prior order of custody and visitation based on Family Court's determination in appeal No. 1 that the adoption proceeding was to proceed without the biological father's consent. Contrary to the biological father's contention in appeal No. 1, the court properly determined that the adoption could proceed without his consent. Although not addressed by the court, the threshold issue in such an adoption proceeding is "whether the consent of the biological father is required, i.e., whether he 'maintained substantial and continuous or repeated contact with the child as manifested by' paying support for the child and either visiting the child at least monthly or regularly communicating with the child" or with the person having custody of the child (*Matter of Adreona C.*, 79 AD3d 1768, 1769, quoting Domestic Relations Law § 111 [1] [d]; *see Matter of Andrew Peter H. T.*, 64 NY2d 1090, 1091). We note, however, that " 'a biological [father]'s failure to visit and pay support, although significant, are not determinative factors where they are properly explained' " (*Matter of Jonna H.*, 252 AD2d 839, 839; *see Matter of Corey L. v Martin L.*, 45 NY2d 383, 390).

Here, the biological father failed to meet his burden of establishing his right to consent to the adoption (*see* Domestic Relations Law § 111 [1] [d]).  The biological father did not provide any financial support to petitioner mother during the three years preceding the filing of the adoption petition in February 2009, had not seen the child since September 2006, and failed to communicate with the child or the mother from September 2006 to May 2008.  Although the biological father sent two letters to the mother, one in May 2008 and another in June 2008, and the biological father's counselor called the mother once in May 2008, such insubstantial and infrequent attempts to contact the mother and the child do not constitute "substantial and continuous or repeated contact" necessary to require the biological father's consent for the adoption (*id.; see Matter of Jaleel E.F.*, 81 AD3d 1302, 1303).  Contrary to the biological father's further contention, his substance abuse treatment did not provide an adequate explanation for his failure to maintain substantial contact with the child (*cf. Jonna H.*, 252 AD2d at 840).  The biological father entered substance abuse treatment in October 2007 and chose not to contact the mother or the child, despite the fact that he had a cell phone, as well as access to the mail service and the Internet.

In view of our determination in appeal No. 1, we conclude that the court properly dismissed the biological father's petition in appeal No. 2.

Entered:  June 10, 2011                         Patricia L. Morgan
                                                Clerk of the Court