■ In the Matter of DAKIEM M., an Infant. DEMETRIUS O., Respondent; DAKIEM N., Appellant. [943 NYS2d 629]—

Lahtinen, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered December 20, 2010, which granted petitioner's application, in a proceeding pursuant to Domestic Relations Law article 7, to determine that the consent of respondent was not required prior to the adoption of his son.

Respondent and Lea O. (hereinafter the mother), who were never married, are the biological parents of Dakiem M. (born in 2003). Petitioner married the mother in August 2009 and, in February 2010, he commenced this proceeding seeking to adopt the child. Following a hearing, Family Court determined that respondent's consent was not required because he had failed to maintain sufficient contact with the child (*see* Domestic Relations Law § 111 [1] [d]). In light of this determination, the court did not reach the further ground asserted by petitioner that respondent had also abandoned the child (*see* Domestic Relations Law § 111 [2] [a]). Respondent appeals.

"Under settled law, the consent of a biological father to the adoption of a child of this age born outside of marriage is not required unless the father demonstrates that he has maintained a substantial and continuous or repeated relationship with the child by means of financial support [according to the father's means] and either monthly visitation, when physically and financially able to do so, or regular communication with the child or the child's caregiver" (*Matter of Keyanna AA.*, 35 AD3d 1079, 1080 [2006] [internal quotation marks and citation omitted]; *see* Domestic Relations Law § 111 [1] [d]; *Matter of Andrew Peter H. T.*, 64 NY2d 1090, 1091 [1985]). If the father establishes both the support and communication requirements, the court may then consider whether clear and convincing evidence nonetheless shows that the father abandoned the child within the meaning of Domestic Relations Law § 111 (2) (a) (*see Matter of Andrew Peter H. T.*, 64 NY2d at 1091; *Matter of Taylor R.*, 290 AD2d 830, 831 [2002]). Where, as here, conflicting testimony is

presented by the parties, we accord deference to Family Court's credibility determinations (see Matter of Mia II. [Theresa JJ.— Michael II.], 75 AD3d 722, 723-724 [2010], lv denied 15 NY3d 710 [2010]; Matter of Russell R. v Friends In Adoption, Inc., 64 AD3d 912, 913 [2009], lv denied 13 NY3d 710 [2009]).

Although respondent lived with the mother for about four to six months after the child's birth in 2003 and the child spent some time with respondent during the summer of 2006, respondent failed to indicate what, if any, financial support he provided during these few months. More importantly, respondent failed to supply proof of financial support or an inability to provide support for the more than six years that he did not reside with his son. At the time of the hearing, respondent had been incarcerated since September 2007.* However, absent a showing of insufficient income or resources, the fact that respondent was in prison does not relieve him from his responsibility to provide some financial support to the extent of his ability while in prison (see Matter of Aaron P., 61 AD3d 448, 448 [2009]). Respondent's contention that he was waiting for paperwork establishing his support obligation does not provide an acceptable excuse for purposes of the current proceeding to allow him to make no effort to provide any financial support to his child (see Matter of Jason Brian S., 303 AD2d 759, 760 [2003]).

With regard to communication, the mother testified that respondent last visited the child in April 2007, about five months before being incarcerated. His incarceration did not "excuse his failure to maintain substantial and continuous or repeated contact with the child" (Matter of Keyanna AA., 35 AD3d at 1081). Despite having phone calling privileges at prison, he did not seek telephonic contact with the child by having the mother's phone number placed on his approved list. The mother recalled that he reached her by phone one time, in June 2009, and asked to speak to the child. She told him to call the next day because she wanted to speak to the child first since he had not spoken to respondent for about two years. According to the mother, respondent never called again. She recalled that the child received one letter from respondent in June 2009. While respondent claimed that he made more attempts at communicating with the child than stated by the mother, this created a credibility issue that Family Court resolved against him. Respondent acknowledged not attempting communication with the child for at least eight months before the petition was filed,

---

* Petitioner indicates in his brief that he "does not seek to utilize [respondent's] lack of support during his incarceration as indicia of his failure to satisfy either [Domestic Relations Law] § 111 (1) (d) or § 111 (2) (a)."

and Family Court found his excuse for not attempting communication lacked credibility. Family Court further set forth the sporadic contact even before respondent's most recent incarceration in September 2007. According deference to Family Court's credibility determinations, the record supports the court's conclusion that the father failed to prove the elements necessary to establish his right of consent (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Andrew Peter H. T.*, 64 NY2d at 1091).

The alternative ground urged by the mother and attorney for the child for affirming based on abandonment is academic.

Mercure, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.