McCarthy, J.
Appeal from an order of the Family Court of Columbia County (Tailleur, J.), entered August 10, 2011, which, among other things, granted petitioner’s application, in proceeding No. 2 pursuant to Domestic Relations Law article 7, to determine that the consent of respondent was not required for the adoption of his child.
John Q. (hereinafter the father) and respondent Erica R. (hereinafter the mother) are the biological parents of one child (born in 2004). A stipulated order entered in 2006 granted sole legal custody to the mother and limited visitation to the father at Phoenix House, a residential drug treatment facility where he was residing. The father left Phoenix House for another treatment facility, then was incarcerated until September 2008. In August 2009, he commenced proceeding No. 1 seeking visitation and joint custody. Soon thereafter, petitioner Rick R. (hereinafter petitioner), who married the mother in 2008 and had been living with her and the child since 2007, commenced proceeding No. 2 seeking to adopt the child without the father’s consent. After a hearing, Family Court (Czajka, J.) orally granted petitioner’s application (proceeding No. 2) and dismissed the father’s modification petition (proceeding No. 1). The father now appeals from the order to that effect entered by Family Court (Tailleur, J.).
We affirm. The father’s consent was not required for the child’s adoption. A biological father’s consent to adopt a child over six months old who was born out of wedlock is required only if the father “maintained substantial and continuous contact with the child as manifested by” payment of reasonable child support and either monthly visitation or regular communication with the child or custodian (Domestic Relations Law § 111 [1] [d]). “Only after the [biological] father establishes his right of consent to the adoption, by satisfying both the support and communication provisions of the statute, does the court proceed to determine whether he has forfeited that right by evincing ‘an intent to forego his . . . parental . . . rights and obligations’ ” as outlined in Domestic Relations Law § 111 (2) (a) (Matter of Andrew Peter H. T., 64 NY2d 1090, 1091 [1985]; see Matter of Asia ZZ. [Henry A. — Jason V.], 97 AD3d 865, 866 [2012]; Matter of Dakiem M. [Demetrius O. — Dakiem N.], 94 AD3d 1362, 1362 [2012], lv denied 19 NY3d 807 [2012]).
Here, the father did not meet his threshold burden of establishing his right to consent, so we need not proceed to whether he evinced an intent to forgo his parental rights. As to the support provision, the father paid approximately $800 dur *1099 ing the child’s entire life and had not paid any support since 2005. Although the father was incarcerated or unemployed after that and may not have been financially able to pay much, he did not establish that he was unable to pay anything to support his child (see Matter of Dakiem M. [Demetrius O. — Dakiem N.], 94 AD3d at 1363). Additionally, the absence of a court order for child support does not excuse the father’s failure to provide any financial support for his child (see id.).
As to the communication provision, the father did not visit or communicate regularly with the child or the mother, who had custody. He last saw the child in November 2005. His incarceration did not obviate his obligation to maintain regular contact with the child (see id.). The mother testified that she never received any cards, letters or phone calls for the child from the father after November 2005. The father testified that he regularly sent letters, cards and gifts, but that they often came through his mother. Family Court found that the father was not credible and that his mother was not acting on his behalf, but was generally sending cards and gifts to the child on her own behalf. Although the father testified that he filed numerous petitions from prison to obtain visitation with the child, he also testified that he never appeared in court on any of them as they were all dismissed. No prior petitions were entered into evidence to support the father’s testimony in this regard. The father testified that he could not locate the mother and child after his release from prison, but he did not exert even minimal efforts to do so, such as looking in the phone book (see Matter of Asia ZZ. [Henry A. — Jason V.], 97 AD3d at 866). According deference to Family Court’s credibility determinations (see id.; Matter of Dakiem M. [Demetrius O. — Dakiem N.], 94 AD3d at 1363-1364), the father did not establish his right to consent to the adoption (see Matter of Maxamillian, 6 AD3d 349, 351 [2004]). Thus, the court correctly granted petitioner’s petition in proceeding No. 2 and dismissed the father’s petition.
Mercure, J.E, Spain and Garry, JJ., concur. Ordered that the order is affirmed, without costs.