# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**33**
**CAF 12-00393**
PRESENT: SMITH, J.P., FAHEY, VALENTINO, WHALEN, AND MARTOCHE, JJ.
---

IN THE MATTER OF THE ADOPTION OF
ANGELINA K. AND AMIYA K.
---------------------------------
ELIZA W. AND MICHAEL W.,                                MEMORANDUM AND ORDER
PETITIONERS-RESPONDENTS;

MICHAEL K., RESPONDENT-APPELLANT.
---

KELLY M. CORBETT, FAYETTEVILLE, FOR RESPONDENT-APPELLANT.

SUSAN B. MARRIS, ATTORNEY FOR THE CHILDREN, MANLIUS, FOR AMIYA K. AND ANGELINA K.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered February 1, 2012 in an adoption proceeding. The order adjudged that respondent had abandoned the subject children and dispensed with his consent for adoption.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent, the biological father of the subject children, appeals from an order determining, following an evidentiary hearing, that he abandoned the children and that his consent to the adoption of the subject children is not required. "[T]here are two steps in determining whether the biological father's consent may be dispensed with in a proceeding seeking approval of the adoption of his child[ren]" (*Matter of Anthony S.*, 291 AD2d 702, 702, *lv denied* 98 NY2d 609). "Using the guidelines set forth in Domestic Relations Law § 111 (1) (d), [Family C]ourt must first decide whether the father has demonstrated a substantial relationship with his child[ren] conferring [on him] the right to consent" to the adoption (*id.; see Matter of Andrew Peter H.T.*, 64 NY2d 1090, 1091). "Only after the [biological] father establishes his right of consent to the adoption . . . does the court proceed to determine [pursuant to section 111 (2) (a)] whether he has forfeited that right by evincing 'an intent to forego his . . . parental . . . rights and obligations as manifested by his . . . failure for a period of six months to visit the child[ren] and communicate with the child[ren] or person having legal custody of the child[ren], although able to do so' " (*Andrew Peter H.T.*, 64 NY2d at 1091, quoting § 111 [2] [a]).

Although here it is not clear whether the court made a threshold finding pursuant to section 111 (1) (d), we conclude in any event that

the court's failure to make such a finding would not warrant reversal. Any failure by the court to follow the two-step process set forth above is harmless inasmuch as the record supports a finding that the father's consent to the adoption of the children is not required under either subdivision (1) (d) or subdivision (2) (a) of Domestic Relations Law § 111 (*see Matter of Taylor R.*, 290 AD2d 830, 832-833; *see also Matter of Ethan S. [Tarra C.-Jason S.]*, 85 AD3d 1599, 1599, *lv denied* 17 NY3d 711). The record establishes that, despite having been awarded supervised visitation of the children on April 21, 2009, the father did not exercise his right to such visitation. At the time of the hearing, the father had not visited the children in over three years and had not attempted to send gifts to the children since September 2009. Moreover, the father had not made any child support payments to petitioner mother since January 2010, when the Department of Taxation and Finance garnished his tax return.

Based on this record, we conclude that the father failed to meet his burden of establishing his right to consent to the adoption of his children (*see* Domestic Relations Law § 111 [1] [d]). A biological father's failure to visit the children and to pay for their support, while significant in determining whether he established a substantial relationship with the children pursuant to section 111 (1) (d), are not determinative factors in the event that they are properly explained (*see Ethan S.*, 85 AD3d at 1599). Although the court was presented with conflicting testimony regarding the alleged interference of petitioner mother and petitioner stepfather with the father's relationship with the children, the court resolved the competing credibility issues in favor of petitioners. "It is well established that the court's credibility determinations are . . . entitled to great deference" (*Matter of Kennedie M. [Douglas M.]*, 89 AD3d 1544, 1544-1545, *lv denied* 18 NY3d 808 [internal quotation marks omitted]), and we see no basis to disturb the court's determination here. Moreover, even assuming, arguendo, that the father had demonstrated his right to consent, we conclude that the record establishes that the court properly dispensed with the father's consent on the ground of abandonment (*see* § 111 [2] [a]). There is no evidence in the record that the father had any contact with the children in the six months preceding the filing of the adoption petitions.

We reject the father's further contention that the court committed reversible error in limiting the evidence presented at the hearing to the six-month time period preceding the filing of the adoption petitions. Insofar as the majority of the testimony elicited during the hearing concerned events that occurred outside that six-month time frame, we conclude that the court did not prevent the father from fully establishing the nature of his relationship with the children and the alleged efforts made by petitioners to exclude him from the children's lives.

Entered:  April 26, 2013                          Frances E. Cafarell
                                                  Clerk of the Court