■ In the Matter of MAURICE N., an Infant. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CARLOS O., Appellant. [8 NYS3d 475]—

Rose, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered December 17, 2013, which, in a proceeding pursuant to Social Services Law § 383-c, granted petitioner's motion to adjudicate respondent a notice father.

Respondent, who is the biological father of Maurice N. (hereinafter the child), was incarcerated in November 2012 because of his illegal drug use and assault against the then-pregnant mother of the child. Upon the child's birth in March 2013, respondent was not listed on the birth certificate, he was not married to the mother and he did not sign the putative father

registry. He did, however, file a paternity petition in April 2013. While his petition was pending, he received notice that the mother intended to surrender the child for adoption and that he had the right to appear and present evidence to Family Court concerning his interest in the child. He did not respond or appear, and the mother unconditionally surrendered her parental rights in June 2013. In September 2013, petitioner moved for an order determining that respondent was a notice father and therefore his consent to the adoption of the child was not required (*see* Domestic Relations Law § 111; *Matter of Raquel Marie X.*, 76 NY2d 387, 402 [1990], *cert denied* 498 US 984 [1990]). After the father's paternity was established in October 2013, Family Court granted petitioner's motion over respondent's objection. He now appeals.

Respondent does not dispute that he provided no support for the child and made no attempt to contact the mother or petitioner regarding the child. Instead, he blames these circumstances on his incarceration and the six-month delay in determining his paternity petition. Neither circumstance, however, relieved him of his obligation to make contact and to support the child, and he offered no proof that he had insufficient income or resources to provide some measure of support (*see Matter of John Q. v Erica R.*, 104 AD3d 1097, 1099 [2013]; *Matter of Dakiem M. [Demetrius O.—Dakiem N.]*, 94 AD3d 1362, 1363-1364 [2012], *lv denied* 19 NY3d 807 [2012]). Notwithstanding respondent's filing of a paternity petition shortly after the child's birth, his assault of the mother while she was pregnant with the child evinces his lack of fitness, he failed to offer any appropriate placement resource while he was incarcerated and he has not otherwise shown any active commitment to assume custody of the child. Accordingly, we find no basis to disturb Family Court's determination that respondent's consent to the child's adoption was not necessary (*see Matter of Seasia D.*, 10 NY3d 879, 880 [2008], *cert denied* 555 US 1046 [2008]; *Matter of Gionna L.*, 33 AD3d 1168, 1169 [2006], *lv denied* 8 NY3d 802 [2007]).

Peters, P.J., Egan Jr. and Lynch, JJ., concur. Ordered that the order is affirmed, without costs.