## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 18, 2016                521248
_____

In the Matter of BLAKE I.,
    an Infant.

RICHARD H. et al.,
                        Respondents;        MEMORANDUM AND ORDER

NEIMIAH I.,
                        Appellant.
_____

Calendar Date:  January 12, 2016

Before:  Peters, P.J., McCarthy, Rose and Lynch, JJ.

_____

        Robert N. Gregor, Lake George, for appellant.

        Matte & Nenninger, PC, Glens Falls (Jeffrey C. Matte of
counsel), for respondents.

_____

Peters, P.J.

        Appeal from an order of the Family Court of Washington
County (Wait, J.), entered June 11, 2015, which granted
petitioners' application, in a proceeding pursuant to Domestic
Relations Law article 7, to determine that respondent's consent
was not required for the adoption of his child.

        Respondent (hereinafter the father) and petitioner Kelsey
H. (hereinafter the mother), who were never married, are the
biological parents of a son (born in 2008).  In 2009, the mother
was awarded sole legal and physical custody of the child and the
father was given 10 minutes of biweekly parenting time.  The
mother married petitioner Richard H. (hereinafter the stepfather)
in 2011 and the two have lived together continuously with the

child since that time. The father was released from prison in August 2013[1] and was reincarcerated in March 2014 upon his conviction of a drug felony, for which he received a sentence of five years in prison. In January 2015, petitioners commenced this proceeding seeking the stepfather's adoption of the child. Following a hearing, Family Court determined that the father's consent to the adoption was not required pursuant to Domestic Relations Law § 111 (2) (a) because he evinced an intent to abandon his parental rights. The father appeals.

We affirm, albeit on a different ground. "[T]here are two steps in determining whether the biological father's consent may be dispensed with in a proceeding seeking approval of the adoption of [a] child" over six months old who was born out of wedlock (Matter of Anthony S., 291 AD2d 702, 702 [2002], lv denied 98 NY2d 609 [2002]; see Matter of Andrew Peter H.T., 64 NY2d 1090, 1091 [1985]). The threshold inquiry is whether the biological father has established a right to consent to the adoption by "maintain[ing] a substantial and continuous or repeated relationship with the child by means of financial support according to the father's means and either monthly visitation, when physically and financially able to do so, or regular communication with the child or the child's caregiver" (Matter of Dakiem M. [Demetrius O.—Dakiem N.], 94 AD3d 1362, 1362 [2012], lv denied 19 NY3d 807 [2012] [internal quotation marks, brackets and citation omitted]; see Domestic Relations Law § 111 [1] [d]; Matter of Andrew Peter H. T., 64 NY2d at 1091; Matter of Ethan S. [Tarra C.—Jason S.], 85 AD3d 1599, 1599 [2011], lv denied 17 NY3d 711 [2011]). "Only after the [biological] father establishes his right of consent to the adoption, by satisfying both the support and communication provisions of the statute, does the court proceed to determine whether he has forfeited that right by evincing an intent to forego his . . . parental . . . rights and obligations" within the meaning of Domestic Relations Law § 111 (2) (a) (Matter of Andrew Peter H. T., 64 NY2d at 1091 [internal quotation marks and citation omitted]; accord Matter of John Q. v Erica R., 104 AD3d 1097, 1098 [2013]; see Matter of

_____

[1] The record does not disclose when this term of incarceration began.

Asia ZZ. [Henry A.–Jason V.], 97 AD3d 865, 866 [2012]; Matter of Dakiem M. [Demetrius O.–Dakiem N.], 94 AD3d at 1362).

Here, Family Court did not follow the two-step process set forth above, instead proceeding directly to the second inquiry under Domestic Relations Law § 111 (2) (a) and concluding that the father forfeited his right to consent to the adoption by abandoning his parental rights. While Family Court's finding in that regard is amply supported by the record, particularly after due deference is given to its credibility determinations resolving the conflicting testimony in favor of the mother (see Matter of John Q. v Erica R., 104 AD3d at 1099; Matter of Asia ZZ. [Henry A.–Jason V.], 97 AD3d at 866), the court should have first made a threshold finding as to whether the father established his right to consent to the adoption through satisfaction of the support and communication criteria set forth in Domestic Relations Law § 111 (1) (d). Upon our independent review of the record, we conclude that the father did not.

The uncontroverted testimony adduced at the hearing established that the father has never provided any financial support for his son. Although the father was incarcerated for a significant portion of the two-year period preceding the hearing, he offered no proof that he had insufficient income or resources to provide some measure of financial support either during that time or when he was not in prison (see Matter of Bella FF. [Margaret GG.–James HH.], 130 AD3d 1187, 1188 [2015]; Matter of Maurice N. [Carlos O.], 128 AD3d 1117, 1118 [2015]; Matter of John Q. v Erica R., 104 AD3d at 1099). Further, the absence of a court order directing the father to pay child support does not excuse his failure to provide any financial support (see Matter of Bella FF. [Margaret GG.–James HH.], 130 AD3d at 1188; Matter of John Q. v Erica R., 104 AD3d at 1099). As the father failed to satisfy the support aspect of Domestic Relations Law § 111 (1) (d),[2] his consent to the adoption was not required under that

_____

[2] Because the support and communication provisions of Domestic Relations Law § 111 (1) (d) must both be satisfied to require consent to an adoption (see Matter of Bella FF. [Margaret GG.–James HH.], 130 AD3d at 1187-1188; Matter of Asia ZZ. [Henry

statutory provision.

McCarthy, Rose and Lynch, JJ., concur.


ORDERED that the order is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court

---

A.—Jason V.], 97 AD3d at 867 n), we need not address the communication provision.