■ In the Matter of ANIYAH G., a Child Alleged to Abandoned. DERIK G. et al., Respondents, v ANTHONY T., Appellant, et al., Respondent. [61 NYS3d 888]—

Order, Family Court, Bronx County (Llinet Rosado, J.), entered on or about May 9, 2016, which, after a consent hearing, determined that respondent father was not a consent father as defined in Domestic Relations Law § 111 (1) (d), and that he abandoned the child as per Domestic Relations Law § 111 (2) (a), unanimously affirmed, without costs.

Clear and convincing evidence supports Family Court's determination that respondent failed to maintain substantial and continuous or repeated contact with the child, and therefore was a notice only parent for the purposes of the child's adoption by petitioners (Domestic Relations Law § 111 [1] [d]). Contrary to respondent's contention, there exists no basis to disturb the court's finding that respondent's unsubstantiated accounts of financial support were not credible, and, even by the respondent's own account, his contact with the child over the years was minimal (*see Matter of Michael M. [Michael M., Sr.]*, 103 AD3d 423, 423 [1st Dept 2013]). As such, there was no need for the Family Court to further determine whether respondent forfeited his right to consent to the adoption under Domestic Relations Law § 111 (2) (a) (*see Matter of Andrew Peter H.T.*, 64 NY2d 1090, 1091 [1985]).

The order appealed from did not dismiss respondent's petitions for an order providing for sibling visitation, so that issue is not before this Court on this appeal. We have considered respondent's remaining arguments and find them unavailing. Concur—Acosta, P.J., Friedman, Webber, Oing and Moulton, JJ.