Matter of Mikai R. (Ralph R.) (2018 NY Slip Op 07434)





Matter of Mikai R. (Ralph R.)


2018 NY Slip Op 07434


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2017-09896
2017-09898
 (Docket Nos. B-2021-16, B-2020-16)

[*1]In the Matter of Mikai R. (Anonymous). Saint Dominic's Home, respondent; Ralph R. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Cherish F.C. (Anonymous), also known as Cherish C. (Anonymous). Saint Dominic's Home, respondent; Ralph R. (Anonymous), appellant. (Proceeding No. 2)


Jeffrey C. Bluth, New York, NY, for appellant.
Warren & Warren, P.C., Brooklyn, NY (Ira L. Eras of counsel), for respondent.
Ronna Gordon-Glachus, Fresh Meadows, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from two orders of the Family Court, Queens County (Connie Gonzalez, J.) (one as to each child), both dated August 21, 2017. The orders, after a fact-finding hearing, inter alia, found that the father's consent to the adoption of the children was not required and that the father had abandoned both children, and terminated his parental rights.
ORDERED that the orders are affirmed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b against the father to terminate his parental rights with respect to the two subject children on the ground of abandonment. Following a fact-finding hearing, the Family Court terminated the father's parental rights as to both children. The father appeals. We affirm.
A biological father's consent to adopt a child over six months old who was born out of wedlock is required only if the father "maintained substantial and continuous or repeated contact with the child as manifested by" payment of reasonable child support and either monthly visitation or "regular communication" with the subject children or custodian (Domestic Relations Law § 111 [1][d]; see Matter of John Q. v Erica R., 104 AD3d 1097, 1098; Matter of Asia ZZ. [Henry A.—Jason V.], 97 AD3d 865, 865-866; Matter of Dakiem M. [Demetrius O.—Dakiem N.], 94 AD3d 1362, 1362). Domestic Relations Law § 111(1)(d) imposes a dual requirement upon the biological father, and the father's unexcused failure to satisfy either of these requirements is sufficient to [*2]warrant a finding that his consent to the proposed adoptions is not required (see Matter of Makia R.J. [Michael A.J.], 128 AD3d 1540, 1540; Matter of Asia ZZ. [Henry A.—Jason V.], 97 AD3d at 866). Based upon the evidence in the record, we agree with the Family Court's determination that the father did not maintain substantial and continuous or repeated contact with the children (see Matter of Keyanna AA., 35 AD3d 1079, 1080-1081; Matter of Sergio LL., 269 AD2d 699, 700), and the father's consent to the adoption of the children was not required.
We also agree with the Family Court's determination that the father had abandoned the children within the meaning of Social Services Law § 384-b. To demonstrate that the father abandoned the children, the petitioner was required to establish by clear and convincing evidence that the father "evince[d] an intent to forego his . . . parental rights and obligations" by failing to visit the children or communicate with the children or the petitioner during the six-month period before the petition was filed (Social Services Law § 384-b[5][a]; see Social Services Law § 384-b[4][b]; Matter of Andrea B., 66 AD3d 770). Here, the petitioner met this burden. The record reveals that, during the relevant time, the father did not visit the children or communicate with the children or the petitioner, nor did he provide financial support (see Matter of Jeremiah Kwimea T., 10 AD3d 691, 692). The father's incarceration during part of the relevant time did not relieve him of his responsibility to maintain contact with the children or communicate with the children or the petitioner (see Matter of Beatrice A. [Selina A.], 158 AD3d 747, 748).
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court