Matter of Khrystopher EE. (David FF.--Michael EE.) (2020 NY Slip Op 02143)





Matter of Khrystopher EE. (David FF.--Michael EE.)


2020 NY Slip Op 02143


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

528438

[*1]In the Matter of Khrystopher EE., an Infant. David FF. et al., Appellants; Michael EE., Respondent, et al., Respondent.

Calendar Date: February 21, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Colangelo, JJ.


Pomeroy, Armstrong & Casullo, LLP, Cortland (Donald C. Armstrong of counsel), for appellants.
Larisa Obolensky, Delhi, for respondent.
Ronald T. Walsh, Cortland, attorney for the child.



Aarons, J.
Appeal from an order of the Surrogate's Court of Cortland County (Campbell, S.), entered August 17, 2018, which dismissed petitioners' application, in a proceeding pursuant to Domestic Relations Law article 7, to determine that respondent Michael EE.'s consent was not required for the adoption of his child.
The factual background is set forth in a prior related appeal (Matter of Michael EE. v David FF., 176 AD3d 1430 [2019]). Briefly, respondent Michael EE. (hereinafter the father) and respondent Alezandra GG. are the unmarried parents of a son (born in 2011). Under a March 2014 order, petitioner David FF., the child's maternal great uncle, and petitioner Wendy FF., the child's maternal great aunt, had custody of the child with the father having visitation. In June 2016, the father was convicted of a crime and was subsequently incarcerated. In April 2018, petitioners commenced this proceeding seeking to adopt the child. Petitioners alleged that the father abandoned the child under Domestic Relations Law § 111 (2) (a) and, therefore, the father's consent was not required.[FN1] Following a hearing, Surrogate's Court dismissed the petition. Petitioners appeal. We affirm.
As relevant here, a court must first decide whether the father had the right to consent to the adoption after consideration of the criteria in Domestic Relations Law § 111 (1) (d) (see Matter of Blake I. [Richard H.—Neimiah I.], 136 AD3d 1190, 1191 [2016]). If proven, the court must then determine whether the father forfeited that right to consent by, as relevant here, abandoning the child under Domestic Relations Law § 111 (2) (a) (see id.). Although petitioners contend that the evidence was lacking to show that the father had regular communication with the child as required by Domestic Relations Law § 111 (1) (d) (iii), this claim is improperly raised for the first time on appeal (see Matter of Russell J. v Delaware County Dept. of Social Servs., 170 AD3d 1433, 1434 [2019]). Petitioners essentially did not dispute the first prong by alleging only that the father's consent was not required because he had abandoned the child under Domestic Relations Law § 111 (2) (a). We further note that petitioners' counsel stated at the hearing that the only issue was "whether or not [the father] has abandoned the child."
That said, the consent of a parent is not required for someone to adopt his or her child if such parent "evinces an intent to forego his or her parental or custodial rights and obligations as manifested by his or her failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so" (Domestic Relations Law § 111 [2] [a]).[FN2] "Abandonment, as it pertains to adoption, relates to such conduct on the part of a parent as evinces a purposeful ridding of parental obligations and the foregoing of parental rights — a withholding of interest, presence, affection, care and support" (Matter of Corey L. v Martin L., 45 NY2d 383, 391 [1978]). Petitioners have the heavy burden of proving abandonment by clear and convincing evidence (see Matter of Joshua II., 296 AD2d 646, 647 [2002], lvs denied 98 NY2d 613 [2002]; Matter of Sara HH., 266 AD2d 779, 779-780 [1999]).
The record reflects that the father wrote letters addressed both to the child and petitioners and that he asked if petitioners could take the child to see him. However, the aunt testified that she did not respond to these letters or take the child to visit the father. When asked whether she encouraged the child to respond to the letters, the aunt stated that she "asked if he wanted to" and that she provided him with paper. Although the aunt stated that the father never called, the father explained that he could not remember petitioners' phone number. The father stated that he asked for petitioners' phone number from his family members but they were unable to provide it.
In view of the foregoing, we find that petitioners failed to establish by clear and convincing evidence that the father evinced an intent to forgo his parental rights. Rather, the record establishes that the father attempted to facilitate contact and maintain a relationship with the child (see Matter of Anthony S., 291 AD2d 702, 703 [2002], lv denied 98 NY2d 609 [2002]; Matter of Jonna H., 252 AD2d 839, 840 [1998]; compare Matter of Dakiem M. [Demetrius O.—Dakiem N.], 94 AD3d 1362, 1363-1364 [2012], lv denied 19 NY3d 807 [2012]). The record also confirms Surrogate's Court's finding that petitioners bore some responsibility in hampering the father's ability to visit or have contact with the child (see Matter of Anthony S., 291 AD2d at 703). To the extent that conflicting testimony was adduced, due deference is given to the court's credibility determinations (see Matter of Dakiem M. [Demetrius O.—Dakiem N.], 94 AD3d at 1362-1363; Matter of Kira OO., 45 AD3d 933, 935 [2007]). Accordingly, the court correctly dismissed the petition.
Egan Jr., J.P., Lynch, Devine and Colangelo, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: According to the petition, Alezandra GG. indicated that she would provide her consent provided that certain conditions were met.

Footnote 2: The relevant six-month period is the six months preceding the commencement of the adoption proceeding (see Matter of Joshua FF., 11 AD3d 738, 739 [2004], lv denied 4 NY3d 703 [2005]).