Matter of Jaedyn U. (Keaysie T.--Patrick U.) (2020 NY Slip Op 07006)





Matter of Jaedyn U. (Keaysie T.--Patrick U.)


2020 NY Slip Op 07006


Decided on November 25, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 25, 2020

530282

[*1]In the Matter of Jaedyn U., an Infant. Keaysie T. et al., Respondents; Patrick U., Appellant.

Calendar Date: October 22, 2020

Before: Garry, P.J., Clark, Devine, Aarons and Reynolds Fitzgerald, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Rose T. Place PLLC, Glens Falls (Rose T. Place of counsel), for respondents.
Trinidad M. Martin, Glens Falls, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Washington County (Michelini, J.), entered September 12, 2019, which granted petitioners' application, in a proceeding pursuant to Domestic Relations Law article 7, to determine that respondent's consent was not required for the adoption of his child.
Petitioner Keaysie T. (hereinafter the mother) and respondent (hereinafter the father) are the unmarried parents of a child (born in 2010). According to a March 2013 order, the father was required to make weekly child support payments to the mother. In 2019, the mother married petitioner Logan T. and, shortly after their marriage, they commenced this proceeding for an order permitting Logan T. to adopt the child. Following a hearing, Family Court granted the petition. The father appeals. We affirm.
As an initial matter, we note that, in granting the petition, Family Court expressly found that the hearing evidence established that the father intended to "forego his parental and custodial rights and obligations for a period of six months" by "fail[ing] to contact or visit with his son and . . . fail[ing] to communicate with [the mother] regarding visits." Such finding, however, relates to whether the father forfeited his right to consent to the proposed adoption (see Domestic Relations Law § 111 [2] [a]). Before making this finding, the court first had to determine whether the father had the right to consent to the adoption based upon criteria set forth in Domestic Relations Law § 111 (1) (d) (see Matter of Khrystopher EE. [David FF.—Michael EE.], 182 AD3d 672, 693 [2020]; Matter of Blake I. [Richard H.—Neimiah I.], 136 AD3d 1190, 1191 [2016]). Only after it is demonstrated that the father had the right to consent to the adoption does a court consider whether he forfeited that right (see Matter of Andrew Peter H. T., 64 NY2d 1090, 1091 [1985]). Although the court did not make the threshold finding as to whether the father had the right to consent, we need not remit the matter for such purpose given that we have the independent authority to do so (see Matter of Blake I. [Richard H.—Neimiah I.], 136 AD3d at 1191).
The father had the right to consent to the adoption if he "maintained substantial and continuous or repeated contact with the child" (Domestic Relations Law § 111 [1] [d]). Such contact may be shown by "payment of reasonable child support and either monthly visitation or regular communication with the child or custodian" (Matter of Ysabel M. [Ysdirabellinna L.—Elvis M.], 137 AD3d 1502, 1503 [2016]; see Domestic Relations Law § 111 [1] [d] [i]-[iii]; Matter of Asia ZZ. [Henry A.—Jason V.], 97 AD3d 865, 866 [2012]). As to the support obligation requirement, the record establishes that the father failed to make regular payments to the mother since the March 2013 order had been in place. The mother received approximately $449, but the father still owed her over $6,500 in child support payments — amounts that the father does not dispute. The father was incarcerated for a period of time following the March 2013 order. This fact, however, did not relieve him of his obligation to support the child, especially where there was no evidence indicating that he had insufficient income or resources to meet his support obligations (see Matter of Maurice N. [Carlos O.], 128 AD3d 1117, 1118 [2015]; Matter of John Q. v Erica R., 104 AD3d 1097, 1098-1099 [2013]; Matter of Dakiem M. [Demetrius O.—Dakiem N.], 94 AD3d 1362, 1363 [2012], lv denied 19 NY3d 807 [2012]). In view of the foregoing, the father did not have the right to consent to the proposed adoption (see Matter of Blake I. [Richard H.—Neimiah I.], 136 AD3d at 1192; Matter of Maurice N. [Carlos O.], 128 AD3d at 1118). The petition was therefore correctly granted.[FN1]
Garry, P.J., Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The failure to satisfy the support component of Domestic Relations Law § 111 (1) (d) is sufficient by itself to warrant a finding that the father's consent for the adoption was not required (see Matter of Russell J. v Delaware County Dept. of Social Servs., 170 AD3d 1433, 1434-1435 [2019]). Accordingly, it is unnecessary to address the communication component of that statute (see Matter of Blake I. [Richard H.—Neimiah I.], 136 AD3d 1190, 1191 n 2 [2016]).