■ In the Matter of KIANNA C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KEITH N., Appellant. [738 NYS2d 98] —In an adoption proceeding pursuant to Domestic Relations Law article 7, the father appeals from an order of

the Family Court, Suffolk County (Lehman, J.), dated June 26, 2001, which, after a hearing, determined that his consent to the adoption of Kianna C. was not required.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly determined that the father's consent was not necessary for the adoption of the child. The father did not at any time financially support the child and did not maintain "substantial and continuous or repeated contact with the child" within the meaning of Domestic Relations Law § 111 (1) (d). Thus, his consent to the adoption of the child was not necessary under the statute (*see*, Domestic Relations Law 111 [1] [d]; *Matter of Shaolin G.*, 277 AD2d 312; *Matter of Tiffany Lynn G.*, 259 AD2d 616).

The fact that the father was incarcerated during this time period did not relieve him of the responsibility to establish communication with his child (*see, Matter of Derrick J.*, 287 AD2d 503, *lv denied* 97 NY2d 608; *Matter of Ronald D.*, 282 AD2d 533).

There is no merit to the father's claim that he did not receive the effective assistance of counsel based on the failure of his counsel to call certain witnesses to testify (*see, People v Chung*, 276 AD2d 708; *People v Wicker*, 229 AD2d 602). Feuerstein, J.P., Krausman, Schmidt and Cozier, JJ., concur.