■ In the Matter of JENNY-BETH L., Appellant, v BRYAN C.W., Respondent. (Appeal No. 1.) [804 NYS2d 194]—

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered March 10, 2004. The order denied the petition for visitation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly determined that the petitioner in appeal No. 1 and the respondent in appeal No. 2 (petitioner), the biological mother of the child at issue herein, abandoned her child within the meaning of Domestic Relations Law § 111 (2) (a). Thus, we conclude with respect to the order in appeal No. 1 that the court properly denied the petition pursuant to which petitioner sought visitation with her child and, with respect to the order in appeal No. 2, that the court properly dispensed with the consent of petitioner to the adoption of her child by the child's stepmother, a petitioner in appeal No. 2. The record establishes that petitioner failed for a period of six months to maintain contact with the child, although able to do so, thereby evincing an intent to forego her parental rights and obligations with respect to the child (see id.). Indeed, the record establishes that, during the period of approximately eight months before petitioner filed her petition seeking visitation, her only contact with either the child or the child's father, the respondent in appeal No. 1 and a petitioner in appeal No. 2 (respondent), concerning the child was a single conversation with respondent. "Such insubstantial and infrequent contact is insufficient to preclude a finding of abandonment" (Matter of Amanda, 197 AD2d 923, 924 [1993], lv denied 82 NY2d 662 [1993]), and it is therefore insufficient to preclude a finding that petitioner's consent to the adoption is not required (see Domestic Relations Law § 111 [6] [b]). The court rejected the testimony of petitioner that respondent thwarted her efforts to contact the child, and we perceive no basis on the record before us for disturbing the court's credibility determination (see Matter of Shaolin G., 277 AD2d 312 [2000], lv denied 96 NY2d 710 [2001]; Matter of Ashton, 254 AD2d 773 [1998], lv denied 92 NY2d 817 [1998]).

We have considered petitioner's remaining contentions and

conclude that they are without merit. Present—Hurlbutt, J.P., Scudder, Gorski, Smith and Lawton, JJ.