■ In the Matter of the Adoption of Antonio J.M., an Infant. Jacob C.C. et al., Respondents; Lewis J.M., Jr., Appellant. [822 NYS2d 187]—

Appeal from an order of the Surrogate's Court, Oneida County (John G. Ringrose, S.), entered November 1, 2005. The order adjudged that the consent of the father is not required for the adoption of his child.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Surrogate's Court properly concluded that the consent of the father is not required for the adoption of his child. The record establishes that the father had not "maintained substantial and continuous or repeated contact with the child" by providing financial support, visiting with the child monthly or communicating regularly with the child or his maternal grandmother, the person having custody prior to the child's placement for adoption (Domestic Relations Law § 111 [1] [d]; *see Matter of Kianna C.*, 292 AD2d 380, 381 [2002]; *Mat-*

*ter of Sergio LL.*, 269 AD2d 699 [2000]). The father was not relieved of the responsibility to communicate with the child or the maternal grandmother during the period that the father was incarcerated (*see Kianna C.*, 292 AD2d at 381), and the record does not support the contention of the father that the mother interfered with his attempts to communicate or visit with the child (*see Matter of James Q.*, 240 AD2d 841, 843 [1997]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Green, JJ.