█ In the Matter of the Adoption of ADREONA C., an Infant. ANDREW C. et al., Respondents; ANDREW R., Appellant. [914 NYS2d 546]—

Appeal from an amended order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered August 28, 2009 in an adoption proceeding. The amended order permitted the adoption of the subject child to proceed without respondent's consent.

It is hereby ordered that the amended order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Jefferson County, for further proceedings on the petition in accordance with the following memorandum: Respondent, the biological father of the child in question, appeals from an amended order granting the petition in this adoption proceeding. Family Court determined, following an evidentiary hearing, that the biological father forfeited his right to consent to the adoption by failing "for a period of six months to visit the child and communicate with the child or person[s] having legal custody of the child, although able to do so" (Domestic Relations Law § 111 [2] [a]). In its decision, the court stated that the relevant time period was from May 2007 to March 2008, despite the fact that the adoption petition was filed in August 2008. We agree with the biological father that, in determining whether he forfeited his right to consent to the adoption pursuant to section 111 (2) (a), the court should have considered his contact with the child during the period of time, whether six months or longer, immediately preceding the filing of the adoption petition (*see Matter of Vanessa Ann G.-L.*, 50 AD3d 1036, 1038 [2008], *lv dismissed* 11 NY3d 893 [2008]; *Matter of Baby Girl W.D.*, 251 AD2d 501 [1998]; *Matter of Joseph*, 227 AD2d 974 [1996]). We therefore remit the matter to Family Court for further proceedings on the petition. We note that, upon remittal, the court must also determine as a threshold issue whether the consent of the biological father is required, i.e., whether he "maintained substantial and continuous or repeated contact with the child as manifested by" paying support for the child and either visiting the child at least monthly or regularly communicating with the child or petitioners, the maternal grandparents and legal custodians of the child (Domestic Relations Law § 111 [1] [d]; *see Matter of Jayquan J. [Clint J.]*, 77 AD3d 947, 948 [2010]; *Matter of Antonio J.M.*, 32 AD3d 1180 [2006]). Present—Smith, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.