# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**113**

**CAF 10-00512**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF JALEEL E.F.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,                MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

CHERYL S. (DECEASED), RESPONDENT,
AND ERNEST F., RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR JALEEL
E.F.

---

Appeal from an order of the Family Court, Erie County (Patricia
A. Maxwell, J.), entered February 9, 2010 in a proceeding pursuant to
Social Services Law § 384-b. The order freed the subject child for
adoption.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to
Social Services Law § 384-b seeking to free the subject children for
adoption following the death of their mother. Respondent Ernest F.
(hereafter, father), the biological father of one of the children,
previously appealed from an order determining that his consent to that
child's adoption is not required (*Matter of Jaleel F*., 63 AD3d 1539;
*see* § 384-c [1], [2] [a]; [3]). There, we concluded that the father
had been denied his right to due process based on the failure to
inform him of the date of the dispositional hearing on the termination
of parental rights petition. We therefore reversed the order insofar
as appealed from and vacated the determination that the father is a
notice father pursuant to Social Services Law § 384-c, and we remitted
the matter for a hearing at which the father was to be afforded the
opportunity to present evidence that he was a consent father rather
than a notice father, as well as to afford him the opportunity to be
heard on the issue of the child's best interests (*id.*). The father
now appeals from the order entered following that hearing determining
he is not a consent father, i.e., that his consent to the adoption was
not required, and freeing that child for adoption. We affirm.

Contrary to the contention of the father, he failed to meet his burden of establishing his right to consent to the adoption (*see* Domestic Relations Law § 111 [1] [d]; *Matter of Andrew Peter H. T.*, 64 NY2d 1090, 1091). The father testified at the hearing upon remittal that he had no contact with the child for the three years prior to the hearing. In addition, the record does not support the assertion of the father on appeal that he attempted to communicate regularly with the child during that time, inasmuch as the only evidence of such an attempt is a single card sent to the child more than two years after the father learned of the mother's death (*see* § 111 [1] [d] [iii]; *Matter of Taylor R.*, 290 AD2d 830, 832-833).

Entered: February 10, 2011                    Patricia L. Morgan
                                              Clerk of the Court