# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**944**

**CAF 14-01867**

PRESENT: WHALEN, P.J., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF NICKIE M.A. AND LEONEL A.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,          MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

PABLO F., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

WILLIAM D. BRODERICK, JR., ELMA, FOR INTERVENING FOSTER PARENTS.

---

Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered October 8, 2014 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined respondent to be, at most, a notice father.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal Nos. 1 and 2, respondent, the putative father of the subject children, contends that Family Court erred in determining, following a hearing, that he is not a father whose consent to the adoption of the respective subject children was required pursuant to Domestic Relations Law § 111. We reject that contention. Section 111 (1) (d) provides that a child born to unmarried parents may be adopted without the consent of the child's father unless the father shows that he "maintained substantial and continuous or repeated contact with the child as manifested by: (i) the payment by the father toward the support of the child . . . , and either (ii) the father's visiting the child at least monthly when physically and financially able to do so . . . , or (iii) the father's regular communication with the child or with the person or agency having the care or custody of the child, when physically and financially unable to visit the child or prevented from doing so." Here, respondent testified that, at the time of the hearing, he had been incarcerated for more than two years and had provided the children with no financial support during that time. He further testified that he had not communicated with the children for at least

seven months prior to the hearing.

Contrary to respondent's contention, he was not relieved of his responsibility to provide financial support while he was incarcerated absent a showing of insufficient income or resources (*see Matter of Bella FF. [Margaret GG.–James HH.]*, 130 AD3d 1187, 1188), and he "was not relieved of the responsibility to communicate with the child[ren] . . . during the period that [he] was incarcerated" (*Matter of Antonio J.M.*, 32 AD3d 1180, 1181). Respondent's testimony that he sent letters to the caseworker regarding the children was contradicted by the testimony of the caseworker, and we give great deference to the court's determination that the caseworker's testimony was credible (*see Matter of Makia R.J. [Michael A.J.]*, 128 AD3d 1540, 1540-1541). Thus, we conclude that the court properly determined that respondent "was a mere notice father whose consent was not required for the adoption of the subject children" (*id.* at 1540; *see Matter of Ethan S. [Tarra C.–Jason S.]*, 85 AD3d 1599, 1599-1600, *lv denied* 17 NY3d 711; *Matter of Jaleel E.F. [Cheryl S.–Ernest F.]*, 81 AD3d 1302, 1303, *lv dismissed* 17 NY3d 871).

Finally, to the extent that respondent contends that the court erred in excluding certain transcripts from the record on appeal, we note that he "failed to appeal from th[e] order [settling the record], and we are thus unable to address any issue related to the propriety of that order" (*Matter of Caughill v Caughill*, 124 AD3d 1345, 1347; *cf. Kai Lin v Strong Health* [appeal No. 1], 82 AD3d 1585, 1586, *lv dismissed in part and denied in part* 17 NY3d 899, *rearg denied* 18 NY3d 878).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court