■ In the Matter of the Adoption of KOLSON, an Infant. JANNA A. et al., Respondents; MICHAEL T., Appellant. (Appeal No. 1.) [60 NYS3d 915]—

Appeal from an order of the Family Court, Onondaga County

(Michael L. Hanuszczak, J.), entered April 25, 2016 in an adoption proceeding. The order, inter alia, determined that consent of respondent to the adoption of Kolson is not required.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent, the biological father of the subject child, appeals from an order that, inter alia, adjudged that he is a father whose consent is not required for the adoption of the subject child pursuant to Domestic Relations Law § 111. In appeal No. 2, the biological father appeals from an order dismissing his petition for modification of a prior order of custody and visitation.

Contrary to the biological father's contention in appeal No. 1, Family Court properly determined that his consent was not required for the adoption to proceed. A child born to unmarried parents may be adopted without the consent of the child's biological father unless the father shows that he "maintained substantial and continuous or repeated contact with the child as manifested by: (i) the payment by the father toward the support of the child . . . , and either (ii) the father's visiting the child at least monthly when physically and financially able to do so . . . , or (iii) the father's regular communication with the child or with the person or agency having the care or custody of the child, when physically and financially unable to visit the child or prevented from doing so" (Domestic Relations Law § 111 [1] [d]). Here, it is undisputed that the biological father made no child support payments since 2012, despite the existence of an order directing him to pay at least $50 per month, and that he is thousands of dollars in arrears. Thus, regardless whether the biological father regularly visited or communicated with the child, we conclude that the court properly determined that he is "a mere notice father whose consent is not required for the adoption of the subject child[ ]" (*Matter of Makia R.J. [Michael A.J.]*, 128 AD3d 1540, 1540 [2015]; *see Matter of Sjuqwan Anthony Zion Perry M. [Charnise Antonia M.]*, 111 AD3d 473, 473 [2013], *lv denied* 22 NY3d 864 [2014]). In any event, giving deference to the court's credibility determinations (*see Matter of Nickie M.A. [Pablo F.]*, 144 AD3d 1576, 1577 [2016]; *Matter of Angelina K. [Eliza W.—Michael K.]*, 105 AD3d 1310, 1312 [2013], *lv denied* 21 NY3d 860 [2013]), we further conclude that the court's determination that the biological father failed to visit the child or communicate with him regularly is supported by clear and convincing evidence (*see Makia R.J.*, 128 AD3d at 1540-1541; *see also Matter of Bella FF. [Margaret GG.—James HH.]*, 130 AD3d 1187, 1188-1189 [2015]).

In light of our determination in appeal No. 1, we conclude that the court properly dismissed the petition in appeal No. 2 (*see Matter of John Q. v Erica R.*, 104 AD3d 1097, 1099 [2013]; *Matter of Ethan S. [Tarra C.—Jason S.]*, 85 AD3d 1599, 1600 [2011], *lv denied* 17 NY3d 711 [2011]). Present—Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.