█   In the Matter of LYDIA A.C., Respondent, v GREGORY E.S., Appellant. (Appeal No. 1.) [64 NYS3d 833]—

Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered June 23, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner visitation with the subject child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: The parties are the biological parents of the subject child. In March 2015, respondent-petitioner father and his spouse filed a petition seeking to adopt the child together (*see generally* Domestic Relations Law § 110). In June 2015,

petitioner-respondent mother filed a petition seeking to modify the existing order of custody and visitation. In appeal No. 1, the father appeals from an order that granted the mother's petition and awarded her visitation with the child and, in appeal No. 2, he appeals from a subsequent order that dismissed the adoption petition. We affirm in both appeals.

The father contends that Family Court erred in refusing to find that the mother abandoned the child and thus that her consent to the adoption was not required. We reject that contention. A parent's consent to adoption is required unless that parent evinces an intent to forego his or her parental rights and obligations by failing for a period of six months to visit the child, or to communicate with the child or the person having legal custody of the child, although able to do so (*see* Domestic Relations Law § 111 [2] [a]). Where the person having custody of the child thwarts or interferes with the noncustodial parent's efforts to visit or communicate with the child, a finding of abandonment is inappropriate (*see Matter of Edward Franz F.*, 186 AD2d 256, 257 [2d Dept 1992]; *cf. Matter of Brittany S.*, 24 AD3d 1298, 1299 [4th Dept 2005], *lv denied* 6 NY3d 708 [2006]). The party seeking a finding of abandonment has the burden of establishing abandonment by clear and convincing evidence (*see Matter of Adrianna [Dominick I.—Jessica F.]*, 144 AD3d 1145, 1146 [2d Dept 2016]; *Brittany S.*, 24 AD3d at 1299).

At the hearing on the petitions, the mother testified that she repeatedly sent messages to the father and his spouse seeking to reestablish her relationship with the child and that, each time she did so, they ignored her messages or the father merely insisted that she agree to the adoption. The court credited the mother's testimony, and we see no reason to disturb that determination (*see generally Matter of Kolson [Janna A.—Michael T.]*, 153 AD3d 1665, 1666 [4th Dept 2017]). Inasmuch as the evidence established that the father and his spouse thwarted or interfered with the mother's efforts to visit or communicate with the child, we conclude that abandonment of the child by the mother was not established by clear and convincing evidence (*see Edward Franz F.*, 186 AD2d at 257; *cf. Brittany S.*, 24 AD3d at 1299). Present—Smith, J.P., Centra, Carni, Curran and Troutman, JJ.