Matter of Russell v Russell (2019 NY Slip Op 04533)





Matter of Russell v Russell


2019 NY Slip Op 04533


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


32 CAF 18-00406

[*1]IN THE MATTER OF BRIAN J. RUSSELL, PETITIONER-RESPONDENT,
v
JENNIFER A. CARDINALI RUSSELL, RESPONDENT-APPELLANT. - GARY MULDOON, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 






FRIEDMAN & RANZENHOFER, P.C., AKRON (MICHAEL H. RANZENHOFER OF COUNSEL), FOR RESPONDENT-APPELLANT.
GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeals from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered February 5, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner Brian J. Russell sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother and the Attorney for the Child (AFC) appeal from an order that, inter alia, modified the parties' prior custody and visitation order by awarding sole custody of the subject child to petitioner father with visitation to the mother. We affirm.
As a preliminary matter, we reject the father's challenges to the record on appeal. First, because the father did not appeal from the order settling the record, we are unable to address his challenge to the propriety of that order (see Matter of Nickie M.A. [Pablo F.], 144 AD3d 1576, 1577 [4th Dept 2016]). Second, although two trial exhibits listed in that order were not submitted to us with the record, there was ample trial testimony about the contents of those documents and their significance in the context of this case. We thus conclude that the record is sufficient for us to decide this appeal on the merits (cf. Gray v Williams, 108 AD3d 1085, 1087 [4th Dept 2013]). Third, contrary to the father's contention, the transcript of the Lincoln hearing was properly submitted under seal with the record on appeal. The stenographic record of an in camera interview of an infant in a custody proceeding must be provided to this Court whenever an appeal is taken in such a proceeding (see CPLR 4019 [b]).
The mother and the AFC contend that Family Court's determination to award sole custody to the father with visitation to the mother is not in the child's best interests. We reject that contention and conclude that the court's determination is supported by a sound and substantial basis in the record. "The court's determination in a custody matter is entitled to great deference and will not be disturbed where . . . it is based on a careful weighing of appropriate factors" (Matter of Stanton v Kelso, 148 AD3d 1809, 1810 [4th Dept 2017] [internal quotation marks omitted]; see generally Fox v Fox, 177 AD2d 209, 210-211 [4th Dept 1992]). Those factors include (1) the continuity and stability of the existing custodial arrangement, including the [*2]relative fitness of the parents and the length of time the present custodial arrangement has continued; (2) the relative quality of each parent's home environment; (3) each parent's ability to provide for the child's emotional and intellectual development; (4) the parents' relative financial status and ability to provide for the child; (5) the child's wishes; and (6) the need of the child to live with siblings (see Fox, 177 AD2d at 210).
Here, the court heard the testimony of the mother, her son, the father, and an expert psychologist, among others. The testimony established that, in the wake of the tragic drinking-and-driving death of the mother's fiancé, elements of parental alienation, instigated by actions of the mother, arose in the child's relationship with the father. More particularly, the mother allowed the child to believe that the fiancé was her actual father, allowed the child to refer to the deceased fiancé as "dad" and to the father by his first name, allowed the child to wear clothes memorializing the fiancé during visits with the father, and encouraged discussion in her household about the father's presumed participation in an alleged conspiracy to "ruin" the family. The mother admitted that she disregarded provisions of the prior custody order; she also filed a petition seeking to deprive the father of overnight, weekend, and holiday visitation. The father, unlike the mother, held a stable, full-time job for more than a decade, made attempts to get the child needed mental health counseling—efforts that were undermined by the mother—and testified that he would continue to promote the child's relationship with the mother. We thus conclude that there is a sound and substantial basis for the determination that an award of sole custody to the father and visitation to the mother is in the child's best interests, and we therefore decline to disturb that determination (see Matter of Thayer v Ennis, 292 AD2d 824, 825 [4th Dept 2002]).
Contrary to the mother's further contention, the court here had no statutory obligation to consider the effect of domestic violence on the best interests of the child. "Where either party to an action concerning custody of or a right to visitation with a child alleges in a sworn petition or complaint or sworn answer, cross-petition, counterclaim or other sworn responsive pleading that the other party has committed an act of domestic violence against the party making the allegation or a family or household member of either party . . . and such allegations are proven by a preponderance of the evidence, the court must consider the effect of such domestic violence upon the best interests of the child" (Domestic Relations Law § 240 [1] [a]). A best interests determination is not supported by sound and substantial evidence in the record where the court fails to consider any pleaded, proved allegations of domestic violence (see Matter of Rodriguez v Guerra, 28 AD3d 775, 776-777 [2d Dept 2006]). Here, however, the only pleaded allegations of domestic violence committed by the father were contained in a family offense petition that was withdrawn prior to the commencement of trial, and thus there were no pleaded allegations of domestic violence before the court.
Finally, we have considered the mother's remaining contention and conclude that it does not require modification or reversal of the order.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court