Matter of Brianna B. v Stacey B. (2019 NY Slip Op 06890)





Matter of Brianna B. v Stacey B.


2019 NY Slip Op 06890


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


776 CAF 18-01199

[*1]IN THE MATTER OF THE ADOPTION OF BRIANNA B. SWAZETTE S., PETITIONER-RESPONDENT,
v
STACEY B., RESPONDENT, AND SHACOYA L., RESPONDENT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT. 
ROSSI & ROSSI, NEW YORK MILLS (VINCENT J. ROSSI, JR., OF COUNSEL), FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered May 18, 2018. The order adjudged that the pending petition for adoption of the subject child may proceed without the consent of respondent Shacoya L. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent Shacoya L., the biological mother of the subject child, appeals from an order determining, following an evidentiary hearing, that she abandoned the child and that her consent to the adoption of the child by petitioner, who has had custody of the child since birth, is not required pursuant to Domestic Relations Law § 111. The biological mother contends, in effect, that Family Court erred in denying her motion to dismiss the petition for adoption as facially insufficient. We reject that contention. Upon giving the petition a liberal construction, accepting the facts alleged therein as true, and according petitioner the benefit of every favorable inference (see Matter of Machado v Tanoury, 142 AD3d 1322, 1323 [4th Dept 2016]; see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we conclude that petitioner adequately alleged that the biological mother's consent to adoption was not required due to her abandonment of the child (see Domestic Relations Law § 111 [2] [a]; [6] [a], [b]). To the extent that the mother's contention may be construed as a jurisdictional challenge, we conclude that her contention lacks merit (see Family Ct Act § 641; Matter of El-Sheemy v El-Sheemy, 35 AD3d 738, 739 [2d Dept 2006]).
We reject the biological mother's further contention that the court erred in dispensing with her consent to the adoption of the child on the ground of abandonment. A mother's consent to adoption is required unless she "evinces an intent to forego . . . her parental or custodial rights and obligations as manifested by . . . her failure for a period of six months to visit the child and communicate with the child or person having legal custody of the child, although able to do so" (Domestic Relations Law § 111 [2] [a]; see § 111 [1] [b], [c]). "Where the person having custody of the child thwarts or interferes with the noncustodial parent's efforts to visit or communicate with the child, a finding of abandonment is inappropriate" (Matter of Lydia A.C. v Gregory E.S., 155 AD3d 1680, 1681 [4th Dept 2017]). "The party seeking a finding of abandonment has the burden of establishing abandonment by clear and convincing evidence" (id.).
Here, contrary to the biological mother's initial contention, the court did not err in considering her contact with the child and communication with petitioner during the six-month period immediately preceding the filing of the petition (see Domestic Relations Law § 111 [2] [*2][a]; Matter of Adreona C. [Andrew C.—Andrew R.], 79 AD3d 1768, 1769 [4th Dept 2010]; Matter of Patrick D., 52 AD3d 1280, 1280 [4th Dept 2008], lv denied 11 NY3d 711 [2008]). Furthermore, although the court was presented with the conflicting testimony of petitioner and the biological mother regarding the substance and frequency of such contact and communication during the six-month period, the court resolved that credibility issue in favor of petitioner. It is well established that "the court's credibility determinations are . . . entitled to great deference" (Matter of Angelina K. [Eliza W.—Michael K.], 105 AD3d 1310, 1312 [4th Dept 2013], lv denied 21 NY3d 860 [2013] [internal quotation marks omitted]), and we see no basis to disturb the court's determination here. The testimony credited by the court established that, during the six-month period, the biological mother did not call petitioner, nor did she visit, write to, or provide any gifts for the child, and the biological mother's only contact with the child was a brief interaction initiated by petitioner at another individual's home during which the biological mother did not want to hold the child. "Such insubstantial and infrequent contact is insufficient to preclude a finding of abandonment" (Matter of Amanda, 197 AD2d 923, 924 [4th Dept 1993], lv denied 82 NY2d 662 [1993]; see Domestic Relations Law § 111 [6] [b]; Patrick D., 52 AD3d at 1281). Finally, "[t]he court was entitled to discredit the testimony of the [biological] mother that petitioner[] thwarted her efforts to contact the child" (Patrick D., 52 AD3d at 1281), and we conclude that the record does not support the biological mother's contention that petitioner interfered with any such efforts (see Matter of Brittany S., 24 AD3d 1298, 1299 [4th Dept 2005], lv denied 6 NY3d 708 [2006]; Amanda, 197 AD2d at 924).
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court