Matter of Sophia (2021 NY Slip Op 03953)





Matter of Sophia


2021 NY Slip Op 03953


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.


416 CAF 19-02018

[*1]IN THE MATTER OF THE ADOPTION OF SOPHIA
TAMMY M.W. AND JAMES M.W., PETITIONERS-RESPONDENTS,
 
v
IRHAD R., RESPONDENT-APPELLANT. 
IN THE MATTER OF THE ADOPTION OF MADELYN
TAMMY M.W. AND JAMES M.W., PETITIONERS-RESPONDENTS,
v
IRHAD R., RESPONDENT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT.
COHEN & COHEN, UTICA (RICHARD A. COHEN OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 
JOHN G. KOSLOSKY, UTICA, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Oneida County (Julia Brouillette, J.), entered October 21, 2019. The order adjudged that respondent's consent to the adoption of the subject children was not required. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent Irhad R., the biological father of the subject children, appeals from an order determining, following an evidentiary hearing, that his consent to the adoption of the children by petitioners is not required pursuant to Domestic Relations Law
§ 111. We affirm.
Contrary to the father's contention, the record supports Family Court's determination that he failed to meet his threshold burden of establishing his right to consent to the adoption of his out-of-wedlock child (see Domestic Relations Law § 111 [1] [d]; Matter of Angelina K. [Eliza W.—Michael K.], 105 AD3d 1310, 1311 [4th Dept 2013], lv denied 21 NY3d 860 [2013]). At the time of the hearing, the father had not visited the child in almost four years, nor had he attempted to call her or send cards or gifts. Although the father was diagnosed with a mental illness, his condition "did not provide an adequate explanation for his failure to maintain substantial contact with the child" (Matter of Ethan S. [Tarra C.—Jason S.], 85 AD3d 1599, 1600 [4th Dept 2011], lv denied 17 NY3d 711 [2011]), particularly inasmuch as he did not make efforts to see her for more than a year after he began receiving regular treatment.
Contrary to the father's further contention, even assuming, arguendo, that the father established his right to consent to the adoption of his out-of-wedlock child, we conclude that the court properly dispensed with his consent with respect to both children inasmuch as petitioners established by clear and convincing evidence that he abandoned both children by his "failure for [*2]a period of six months to visit the child[ren] and communicate with the child[ren] or person having legal custody of the child[ren], although able to do so" (Domestic Relations Law § 111 [2] [a]; see Matter of Brianna B. [Swazette S.—Shacoya L.], 175 AD3d 1791, 1792 [4th Dept 2019], lv denied 35 NY3d 907 [2020]). Although the father filed two petitions for modification of visitation, he made no other attempts to contact the children. Thus, we conclude that the father's efforts were so "insubstantial or infrequent" that they did not preclude a finding of abandonment (§ 111 [6] [b]; see Matter of Colby II. [Chalmers JJ.], 140 AD3d 1484, 1485 [3d Dept 2016]; Matter of Jenny-Beth L. v Bryan C.W., 23 AD3d 1069, 1069 [4th Dept 2005]).
Finally, we reject the father's contention that the court abused its discretion in considering evidence of abandonment outside of the six months immediately preceding the filing of the petitions for adoption. The court properly considered the father's "contact with the child[ren] during the period of time, whether six months or longer, immediately preceding the filing of the adoption petition" (Matter of Adreona C. [Andrew C.—Andrew R.], 79 AD3d 1768, 1769 [4th Dept 2010]; see Angelina K., 105 AD3d at 1312).
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court