Matter of S.M.E. (B.J.D.) (2023 NY Slip Op 03150)

Matter of S.M.E. (B.J.D.)

2023 NY Slip Op 03150

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

516 CAF 22-01136

[*1]IN THE MATTER OF S.M.E., D.E.E., AND R.S.E. B.J.D. AND S.K.D., PETITIONERS-RESPONDENTS; H.K.E., RESPONDENT-APPELLANT.

ROSEMARIE RICHARDS, GILBERTSVILLE, FOR RESPONDENT-APPELLANT.
YORIO, FERRATELLA & BOWES, PAINTED POST (CHRISTOPHER J. FERRATELLA OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 
JOHN N. DAGON, HORNELL, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Steuben County (Philip J. Roche, J.), entered October 7, 2021, in a proceeding for adoption. The order determined that respondent's consent to the adoption of the subject children by petitioners is not required. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent, the biological mother of the subject children, appeals from an order determining, following an evidentiary hearing, that her consent to the adoption of the children by petitioners is not required pursuant to Domestic Relations Law § 111 (2) (a). We affirm.
Contrary to the mother's contention, we conclude that Family Court properly dispensed with her consent inasmuch as petitioners established by clear and convincing evidence that she abandoned the children by her "failure for a period of six months to visit the child[ren] and communicate with the child[ren] or person having legal custody of the child[ren], although able to do so" (Domestic Relations Law § 111 [2] [a]; see Matter of Brianna B. [Swazette S.—Shacoya L.], 175 AD3d 1791, 1792 [4th Dept 2019], lv denied 35 NY3d 907 [2020]). Indeed, petitioners established that, although the mother filed a petition in 2016 seeking visitation with the children, she made no attempt to contact the children or the petitioners for over six months preceding the filing of the amended petitions and second amended petition for adoption. Thus, we conclude that the mother's efforts were so "insubstantial or infrequent" that they did not preclude a finding of abandonment (§ 111 [6] [b]; see Matter of Sophia [Tammy M.W.—Irhad R.], 195 AD3d 1549, 1550 [4th Dept 2021], lv denied 37 NY3d 914 [2021]). Further, the court "was entitled to discredit the testimony of the mother that petitioners thwarted her efforts to contact the child[ren]," and we conclude that the record does not support the mother's contention that petitioners interfered with any such efforts (Matter of Patrick D., 52 AD3d 1280, 1281 [4th Dept 2008], lv denied 11 NY3d 711 [2008]; see Brianna B., 175 AD3d at 1792; Matter of Brittany S., 24 AD3d 1298, 1299 [4th Dept 2005], lv denied 6 NY3d 708 [2006]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court